UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY C. RAHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:00CV2035SNL |
| ) | |
| VICKIE HAWKINS, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the plaintiff's motion to compel attendance at depositions (#232), filed June 12, 2005 and the defendants' motion for protective order to quash plaintiff's scheduled depositions of June 15, 2005 (#236), filed June 13, 2005. Responsive pleadings have been filed. This case is set for trial on the issue of excessive force only on June 20, 2005.

On or about Thursday, June 9, 2005 plaintiff noticed up for depositions three people: the custodian of records for the Hazelwood Police Department, defendant Vickie Hawkins, and a non-party witness Cheryl King. The subject depositions were scheduled for Wednesday, June 15, 2005 from 9:00 a.m to 1:00 p.m. Defendants seek to quash the depositions as being untimely, burdensome, and unnecessary. Plaintiff contends that the depositions are necessary because 1) the voluminous discovery that plaintiff has turned over to his counsel does not contain any documentation regarding insurance policies as to the Hazelwood Police Department; and 2) although depositions were taken of Ms. King and Officer Hawkins during plaintiff's state criminal proceedings, issues are different in this case. Plaintiff also contends that defendants do not have standing to quash the deposition of Ms. King since she is a non-party witness.

This case is approximately five (5) years old and extensive discovery has been conducted. The case, after remand, has been continued six (6) times for trial. Plaintiff's current counsel was appointed in April 2004.

After careful consideration of the matter, the Court will deny the plaintiff's motion to compel and grant the defendants' motion for protective order[1]. Plaintiff and his counsel have failed to offer any justifiable reason why these depositions have been scheduled five (5) days prior to trial. Both Ms. King and Officer Hawkins have been available to plaintiff and his counsel for depositions since April 2004. Plaintiff's counsel has been in receipt of all discovery, both from plaintiff himself and defendants, since April 2004. The fact that the materials turned over to counsel from her own client were deficient is not a satisfactory reason, at this late date, to depose the Custodian of Records for the Hazelwood Police Department. To allow plaintiff to depose these persons, who have been available for over a year, on the eve of trial seriously prejudices the defendants, and more importantly, jeopardizes the trial setting. This case will remain on the Court's trial docket of June 20, 2005 barring the Court's own reasons to remove it.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel (#232) be and is **DENIED.**

**IT IS FURTHER ORDERED** that the defendants' motion for protective order (#236) be and is **GRANTED**.

**IT IS FINALLY ORDERED** that this cause of action remains on the Court's jury trial docket of June 20, 2005.

---

[1] Even if defendants' counsel lacks standing to quash the deposition of Ms. King, the Court quashes it on its own motion.

Dated this __14th__ day of June, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE