**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY C. RAHN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | No. 4:00CV2035-SNL |
| | ) | |
| **VICKIE HAWKINS, CRAIG JANSEN,** | ) | |
| and **GERALD FITZGERALD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This prisoner civil-rights case alleging excessive force was tried to a jury and a verdict was returned June 21, 2005 for all defendants.

Plaintiff's appointed counsel, Carter Collins Law, represented the plaintiff throughout the trial.

On July 6, 2005 plaintiff, pursuant to Rule 59(a), filed motion for a new trial on a *pro se* basis, even though Ms. Law was still counsel of record. The Court can deny the request simply because pleadings must come from counsel as opposed to being filed by a party. Nonetheless, the Court will address the request in the motion which has been responded to by defendants.

Ordinarily, grounds for a new trial are that the verdict is against the weight of the evidence or in the admission or rejection of evidence, or the giving or refusal of instructions. Wright, Miller & Kane, Federal Practice & Procedure, Civil 2d, § 2805 (although plaintiff does object to the charge given to the jury, most of the concern phrased in the motion has to do with events leading up to trial of the case, together with certain rulings by the Court during the trial).

The Court had previously ruled on any and all concerns expressed by the plaintiff while he

was acting *pro se* or while he had counsel, and as they were not raised again during trial plaintiff has forfeited his right to reassert them at this stage. Id., p. 57, 58.

For illustration, in his first assignment of error, plaintiff alleges that the Court refused to extend time for filing various documents. This matter may not now be raised in a motion for a new trial.

Plaintiff also asserts that the Court erred in refusing to allow plaintiff to join additional parties, granted defendants' motion to quash plaintiff's request for a deposition of Cheryl King, refused to allow plaintiff to take depositions by written questions, refused to allow certain witnesses to be subpoenaed, refused to allow access to the names and addresses of possible witnesses through the United States Marshal's services, refused to issue a subpoena for the medical records of plaintiff from Normandy Community Hospital, "took it upon itself to act as counsel for the plaintiff," and other suggested errors. It is difficult to understand precisely the objections plaintiff is making, but there was no error sufficient for this Court to order a new trial. None of these issues were raised during trial and it is too late at this stage to raise them for the first time. There is nothing in the record to show that the Court acted in such a way as to prevent plaintiff from fairly presenting his case-in-chief to the jury.

In fact, plaintiff was represented by able counsel who represented plaintiff forcefully. Throughout the history of this litigation, plaintiff has taken the position that his judgment is superior to that of counsel. Plaintiff has had several counsel appointed for him and has been unable to work successfully with any except the one who tried his case. Even now, plaintiff is substituting his judgment for that of counsel because he is filing his own motion for a new trial, as opposed to having his counsel do so.

This case was initially filed by plaintiff, *pro se*, against numerous defendants.  Summary judgment was granted by this Court as to all defendants; however, on appeal the United States Court of Appeals for the Eighth Circuit determined that plaintiff should have his day in court on the excessive force claim as to the three defendants for whom a jury returned a verdict.  This Court's summary judgment as to other defendants and other issues was affirmed.  See Rahn v. Hawkins, 73 Fed. Appx. 898 (8th Cir. 2003) (unpublished).  The whole basis for the submission of this case to the jury, as required by the mandate of the Court of Appeals, was to determine whether the three defendants committed excessive force against the plaintiff in violation of his constitutional rights.  The jury heard plaintiff's evidence, and decided against him.  Accordingly, all matters leading up to trial of the case, including those already ruled on by the Court of Appeals should not be disturbed in a motion for a new trial.

The plaintiff suggests the Court erred in "its failure to give proper jury instructions."  This should be denied because it is necessary that plaintiff allege with specificity what instruction was improper or what instruction should have been given that was tendered and not given.  The Court made a precise record during the instruction conference as to each instruction given constituting the charge.  Objections were made at the time, but plaintiff has pointed to no specific objection or to any identifiable instruction which was given in error.  This point should be ruled against plaintiff.  For a collection of cases, see Devitt, Blackmar, Wolff & O'Malley, F.J.P.&I., 4th Ed. § 7.03 & 7.04.

Plaintiff also alleges error in "failing to submit fraudulent details forming the 'basis' for the Medal of Valor award Hawkins and Jansen received."  Plaintiff has not asserted how this evidence prejudiced him, or how it might have caused the jury to change their verdict.  As such, if there

was error it was not prejudicial.

Plaintiff also asserts that the Court committed error when it forced plaintiff to attend the second day of trial in violation of his physician's order. The record shows that on the second day of trial the physician at plaintiff's place of incarceration authorized plaintiff to attend the trial. Plaintiff did not assert error at the time, and attended the trial throughout. There was nothing to show that he was prejudiced by being required to attend the hearing of his own case.

Finally, the plaintiff alleges that the Court committed error in refusing to "remove or strike juror during voir dire for conflict of interest." The plaintiff does not assert which juror was involved, or what the nature of the purported conflict was. Accordingly, the Court is unable to know the precise nature of the alleged error.

There is simply nothing in plaintiff's motion that would require granting a new trial. Plaintiff has had his "day in court" and more due process than a litigant is normally allowed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a new trial is **DENIED**.

Dated this ___28th___ day of July, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE